BOLIN, Judge.
Defendants, owners of an apartment complex in Bossier City, Louisiana, appeal from a judgment awarding plaintiff the sum of $6,983.02, recognizing plaintiff’s lien and privilege against defendants’ property for labor and materials furnished in landscaping the property, and ordering the described property seized and sold to pay the debt. We affirm the judgment.
Plaintiff and defendants entered into a written contract, a portion of which provides :
“That Chamberlain’s Nursery furnish necessary labor, materials, tools and equipment to perform landscaping and planting in accordance with plans and specification of the Stone’s Throw Apts., in Bossier City, Louisiana as per attached proposal marked Exhibit ‘A’.”
For the above services defendants agreed to pay plaintiff $6,983.02.
Appellants contend the trial judge erred in determining the only real question was one of fact, i. e., whether the plaintiff performed the work and furnished the materials called for by the contract. They urge the trial judge erred in failing to apply the law enunciated in Louisiana Civil Code Articles 2769 and 1931:
Art. 2769.
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the *272 time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
Art. 1931.
“A contract may be violated, either actively by doing something inconsistent with the obligation it has proposed or passively by not doing what was covenanted to be done, or not doing it at the time, or in the manner stipulated or implied from the nature of the contract.”
We agree that the quoted articles define the law applicable to the instant case. However, the appellants’ main contentions are that Chamberlain did not fulfill his contract in a workmanlike manner in that (1) he did not properly prepare the soil for planting, (2) did not maintain the premises after planting, and (3) failed to plant permanent grass instead of rye (winter) grass.
The record establishes that the manager of the apartment complex and the person with whom plaintiff contracted were the only two representatives of appellants who were on the premises during the performance of the contract and could have testified relative to maintenance and the Condition of the grounds immediately after completion of the work. However, these two persons were no longer employees of defendants and were not called as witnesses.
Bobby R. Chamberlain, owner and operator of plaintiff nursery, was tendered and accepted by the court as an expert witness. He testified he performed the contract in a workmanlike manner and his testimony was fully corroborated by his foreman who was directly in charge of the work crew at the jobsite.
Defendants’ evidence consisted of the testimony of the property manager of Stone’s Throw Apartments, whose office was in Baton Rouge, Louisiana, and two witnesses who were accepted as experts in the field of landscaping. While the testimony of these experts, based on inspections made from two to six weeks after completion, was rather indefinite they were of the opinion much of the labor and materials furnished by plaintiff were of an inferior nature.
The trial judge in his written reasons stated:
“. . . the only real question is whether plaintiff performed the work and furnished the materials called for by the contract.
“It is the opinion of the Court that although conflicting, the preponderance of the evidence establishes that the plaintiff did perform the services and furnish the materials called for by the contract and that there should be judgment herein in favor of the plaintiff as prayed for.”
Since we agree the sole issue is factual and we are in full accord with the findings of the lower court, the judgment is affirmed at appellants’ cost.